**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JACKSON SHARPE,

    Plaintiff,

          v.

CHRISTOPHER KURT MILLER and
BETHANY ANN MILLER,

    Defendants.

Civil Action No.
1:19-cv-03878-SDG

## ORDER

This matter is before the Court on Defendants Christopher and Bethany

Millers' motion to dismiss Plaintiff Jackson Sharpe's Complaint [ECF 3] and

motion for leave to amend the notice of removal [ECF 4]. For the reasons stated

below, Defendants' motion for leave to amend [ECF 4] is **GRANTED** and motion

to dismiss [ECF 3] is **GRANTED**.

## I.    BACKGROUND

The following facts are accepted as true for the purposes of this motion.[1] On

or about August 1, 2015, Sharpe was invited to a party held at Defendants' home

---

[1]   *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 (11th Cir. 1999) ("At the motion
to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable
inferences therefrom are construed in the light most favorable to the
plaintiff.").

in Alpharetta, Georgia.[2] Among those individuals in attendance were Austin McLeod, Charles Gallagher, and Clint Winter, all of whom were teenagers.[3] According to Sharpe, Defendants provided, served, and permitted the consumption of alcohol by minors at their home, including McLeod, Gallagher, and Winter.[4] At some point during the party, Sharpe engaged in a physical altercation with McLeod, Gallagher, and Winter, which allegedly caused Sharpe significant injuries, and medical and personal expenses.[5]

On July 23, 2019, Sharpe filed his Complaint in the State Court of Fulton County, asserting one count of negligence against Defendants, and seeking punitive damages, costs, and attorney's fees.[6] According to Sharpe, Defendants were negligent because they failed to: (1) maintain a safe premises by serving alcohol to minors; (2) diligently supervise the conduct of minors at the party; (3) take reasonable measures and precautions to prevent the alleged assault and battery; and (4) intervene to stop the physical altercation after it had commenced.[7]

---

[2]   ECF 4-1, ¶ 5.

[3]   *Id.* ¶ 6.

[4]   *Id.* ¶ 6.

[5]   *Id.* ¶¶ 7–10.

[6]   *Id.* ¶¶ 5–16.

[7]   *Id.* ¶ 8.

Defendants were served with process on July 30, 2019.[8] On August 28, 2019, Defendants timely removed to this Court on the basis of diversity jurisdiction[9] and filed the instant motion to dismiss, contending that Sharpe failed to state a claim under Federal Rule of Civil Procedure 12(b)(6).[10] On September 4, 2019, Defendants filed a motion for leave to amend the notice of removal.[11] On September 20, 2019, Sharpe filed a response in opposition to Defendants' motion to dismiss.[12] Defendants filed a reply on October 11, 2019.[13] Sharpe did not file a motion in opposition to Defendants' motion for leave to amend the notice of removal.

## II.     MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

In the original notice of removal, Defendants attached a complaint from a separate, prior action that had been filed by Sharpe in the State Court of Fulton County on July 26, 2017.[14] In that complaint, Sharpe included Christopher and

---

8    *Id*. at 3.

9    ECF 1.

10    ECF 3.

11    ECF 4.

12    ECF 10.

13    ECF 13.

14    ECF 1-1.

Bethany Miller, as well as Gallagher, McLeod, and Winter (among others), as named defendants.[15] That action remained in the state court and was dismissed without prejudice on January 31, 2019.[16]

Sharpe initiated this action in the State Court of Fulton County on July 23, 2019, including only Christopher and Bethany Miller as named Defendants. When removing the action, Defendants erroneously filed a copy of the July 26, 2017 Complaint and summons from the previous case as Exhibit A to their Notice of Removal rather than the July 23, 2019 Complaint and summons from the renewal action.[17] Defendants now request leave to "amend their Notice of Removal solely to substitute as Exhibit A all process and pleadings served upon Defendants in the renewed case filed on July 23, 2019."[18]

Courts in the Eleventh Circuit have routinely permitted parties to supplement or amend a notice of removal to cure defects. *E.g., Cook v. Randolph Cty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect

---

[15]   ECF 1-1.

[16]   ECF 4, at 2.

[17]   *Id*. at 2.

[18]   *Id*.

but is not a jurisdictional defect."); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (stating failure to file papers required by removal statute can be remedied); *Miller v. All Star, Inc.*, No. 1:09-cv-03551-JOF, 2010 WL 1410554, at *2 (N.D. Ga. Mar. 30, 2010) (same); *Woodall v. Ins. Co. of N. Am.*, 582 F. Supp. 247, 248 (N.D. Ga. 1984) (granting defendant leave to amend the removal petition to include correct documents filed in state court). Moreover, Sharpe did not challenge removal, has not filed a motion to remand, and has not submitted a response in opposition to Defendants' request for leave to amend the notice of removal.

Thus, for good cause shown, Defendants' motion for leave to amend the notice of removal [ECF 4] is **GRANTED**. The Clerk is **DIRECTED** to treat the Complaint filed on July 26, 2019 in the State Court of Fulton County, attached as Exhibit A to Defendants' motion for leave to file amended notice of removal [ECF 4-1], as the operative Complaint and to amend the docket to include only Christopher and Bethany Miller as the named Defendants. The Clerk is further **DIRECTED** to strike ECF 1-1 from the docket.

### III.   MOTION TO DISMISS

#### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1289 (11th 2010) (*quoting Twombly*, 550 U.S. at 570). A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (*citing Twombly*, 550 U.S. at 556). "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009). A complaint must also

present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (*quoting Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (*quoting Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### B.  Choice of Law

"In a case founded on diversity jurisdiction, the district court must apply the forum state's choice of law rules." *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006). *See also Klaxon Co. v. Stento Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Georgia follows the doctrine of *lex loci delicti* in tort cases, pursuant to which "a tort action is governed by the substantive law of the state where the tort was committed." *Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 809 (2005). "The place where the tort was committed, or, the *locus delicti*, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the

last event necessary to make an actor liable for an alleged tort takes place." *Bullard v. MRA Holding, LLC*, 292 Ga. 748, 750–51 (2013) (*citing Risdon Enter., Inc. v. Colemill Enter., Inc.*, 172 Ga. App. 902, 903 (1984)). Here, Georgia is the state where the injury sustained was suffered and the Court must thus apply Georgia state law to Sharpe's claims.

### C. Discussion

In Georgia, "[i]t is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J.B.*, 797 S.E.2d 87, 89 (Ga. 2017). "Causation is further broken down into two elements: cause in fact and proximate cause." *Yearty v. Scott Holder Enters., Inc.*, 349 Ga. App. 718, 721 (2019) (*citing City of Richmond Hill v. Maia*, 800 S.E.2d 573, 576 (2017) ("A plaintiff must prove that the defendant's negligence was both the cause in fact and the proximate cause of the injury.")).

Defendants' primary argument in support of dismissal is that Sharpe cannot establish, as a matter of law, that their alleged furnishing of alcohol to minors was the proximate cause of his injuries.[19] In Georgia, allegations that minors were

---

19    ECF 3-1, at 6.

served alcohol at a party, even if true, cannot serve as the proximate cause for a claim for negligence unless the case involves the operation of a motor vehicle. *E.g.*, O.C.G.A. § 51-1-40 ("[T]he consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person" except in cases involving operation of motor vehicle); *Delta Airlines, Inc. v. Townsend*, 279 Ga. 511, 512 (2005) ("'Thus, so long as the common-law rule is adhered to, it matters not whether the act of furnishing liquor may be considered as simple negligence or as negligence *per se* in violation of the criminal statute—it cannot, alone, leap the common law's chasm of causation.'") (citation omitted); *B-T Two, Inc. v. Bennett*, 307 Ga. App. 649, 653–54 (2011) ( "a negligence claim . . . premised on the service of alcohol at the party fails as a matter of law"); *Hansen v. Etheridge*, 232 Ga. App. 408, 408 (1998) ("[T]here is no proximate cause" because O.C.G.A. § 51-1-40 "insulates providers of alcohol from third-party claims of negligence" "even if the killer were an underage drinker at the party"). In his response brief, Sharpe concedes that such an argument is foreclosed by Georgia law.[20]

---

[20]    ECF 10, at 4 ("Plaintiff does not claim that the underage drinking was the proximate cause of his injuries, which argument Plaintiff concedes would be

Sharpe, however, contends that Defendants' authorities are inapplicable because his claims are based on premises liability, not liability for furnishing alcohol to minors. The Georgia Court of Appeals in *Mulligan's Bar & Grill v. Stanfield* addressed a substantially similar argument:

> Under [O.C.G.A. § 51-1-40], the consumption of alcoholic beverages, rather than the sale or furnishing or serving of such beverages, is the proximate cause of any injury . . . inflicted by an intoxicated person upon himself or upon another person. . . . However, despite Mulligan's attempt to transform this matter into a 'liquor liability' case, it is clear . . . that Stanfield's case is grounded in established Georgia premises liability law. There is no evidence in the record that Stanfield ever alleged Mulligan's liability was founded upon the sale, furnishing, or service of alcohol or that his damages were the result of a person's intoxication caused by Mulligan's. Rather, Stanfield alleged and proved that Mulligan's knowingly provided an inadequately secured premises to its patrons prior to and at the time of Stanfield's injury. Contrary to Mulligan's argument, [O.C.G.A. § 51-1-40] was never intended to and does not pertain to premises liability claims like the one before this Court. Even liquor stores and bars are required to keep their premises safe.

294 Ga. App. 250, 251–52 (2008). *See also B-T Two, Inc.*, 307 Ga. App. at 654 (treating negligence claims under O.C.G.A. § 51-4-40 and O.C.G.A. § 51-3-1 involving sale

---

controlled adversely to him by the plain language of O.C.G.A § 51-1-40(a) and (b).").

of alcohol as separate and analyzing premises liability standard for latter claim).

Since Sharpe's claims are based on premises liability, and not solely on Defendants

having served alcohol to minors, Defendants' arguments concerning

O.C.G.A. § 51-4-40 do not warrant dismissal of Sharpe's Complaint.

Notwithstanding this provision, Defendants contend Sharpe's premises

liability claim must be dismissed in any event because "Plaintiff was injured as the

result of a criminal assault perpetrated upon him" by three non-parties.[21] Even if

Defendants were negligent, they claim they are "insulated from liability by the

intervention of an illegal act which is the proximate cause of the injury."[22]

"Pursuant to O.C.G.A. § 51–3–1, an owner or occupier of land owes a duty

of ordinary care to keep the premises safe for persons whom he invites or induces

to come upon the land." *B-T Two, Inc.*, 307 Ga. App. at 654. However, "even where

the property owner's negligence is shown, he would be insulated from liability by

the intervention of an illegal act which is the proximate cause of the injury."

*Aldridge v. Tillman*, 237 Ga. App. 600, 603 (1999) ("Generally, an intervening

criminal act of a third party, without which the injury would not have occurred,

---

21   ECF 14, at 6.

22   *Id.*

will be treated as the proximate cause of the injury thus breaking the causal

connection between the defendants' negligence and the injury.").

In situations involving illegal acts by third parties, Georgia courts have

articulated two principles:

> The first of these principles is that an owner or occupier
> must protect an invitee against the criminal act of a third
> party only to the extent that the criminal act is reasonably
> foreseeable. The second principle is that, even when a
> criminal act is reasonably foreseeable, an owner or
> occupier is not liable for injuries resulting from the
> criminal act of a third party unless he had superior
> knowledge of the danger.

*B-T Two, Inc.*, 307 Ga. App. at 655 (internal citations omitted).

It is undisputed that Sharpe's negligence claim against Defendants is based

on his alleged assault and battery by third parties—McLeod, Gallagher, and

Winter.[23] Georgia courts have found that such acts break the causal connection

and defeat a claim for negligence against a social host. *Rigdon v. Kappa Alpha

Fraternity*, 256 Ga. App. 499, 501 (2002).

Sharpe's Complaint is devoid of any allegation that the assault and battery

was reasonably foreseeable to Defendants, or that Defendants possessed superior

knowledge of the criminal act. For instance, Sharpe does not allege that prior fights

---

[23]   ECF 4-1, ¶¶ 6–9; ECF 10, at 7; ECF 13, at 6.

had transpired on the property, that Defendants were combatants in the fight, that they witnessed the fight, or that they possessed any prior indication that McLeod, Gallagher, and Winter posed a threat of danger. At this stage, Sharpe cannot rely on speculation and must allege specific facts to plead a plausible claim. *Am. Dental Ass'n,* 605 F. 3d at 1289 (*quoting Twombly*, 550 U.S. at 556).

Accordingly, Defendants' motion to dismiss [ECF 3] is **GRANTED**. Sharpe's claims are **DISMISSED WITHOUT PREJUDICE**. Sharpe shall be permitted 14 days after entry of this Order in which to file an amended complaint that seeks to cure the deficiencies outlined herein. If Sharpe does not file an amended complaint within 14 days, the Clerk is **DIRECTED** to dismiss this action and close the case.

**SO ORDERED** this the 29th day of January 2020.

Steven D. Grimberg
United States District Court Judge